UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL A. N.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

CASE NO. 3:25-CV-5829-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION DENYING BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of Defendant's denial of his application for disability insurance benefits ("DIB").[1] After considering the administrative record ("AR"), the Court concludes that the Administrative Law Judge ("ALJ") erred when she failed to properly consider two medical opinions. Had the ALJ properly considered these medical opinions, Plaintiff's RFC may have included additional limitations, or the ALJ's ultimate determination of disability may have changed. These errors, therefore, are not harmless, and this matter is reversed and remanded pursuant to sentence four of

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION DENYING BENEFITS
- 1

42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration for further proceedings consistent with this order.

## I.    Procedural History

Plaintiff filed his application for DIB on May 15, 2023, alleging disability as of March 28, 2023. AR 251. His claim was denied initially on December 13, 2023, and upon reconsideration on July 1, 2024. AR 62, 76. A hearing was held before ALJ Christina Young Mein ("the ALJ") on January 8, 2025, who issued a decision denying Plaintiff's claim on April 8, 2025. AR 17–28. The Appeals Council denied Plaintiff's request for review on August 4, 2025, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1. From this decision, Plaintiff filed a complaint with this Court on September 18, 2025, seeking judicial review of the ALJ's decision denying benefits. Dkt. 5.

## II.    Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [they] did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

//

//

//

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION DENYING BENEFITS
- 2

**III.    Discussion**

In his Opening Brief, Plaintiff argues that the ALJ erred by (1) discounting two medical opinions without proper evaluation; and (2) failing to properly consider Plaintiff's subjective complaints. Dkt. 14 at 1.

A.    Medical Opinion Evidence

For applications filed after March 27, 2017, in evaluating medical opinion evidence, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, the ALJ must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each opinion using specific factors. *Id.* The critical factors in an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). A medical opinion is more "supportable," and therefore, more persuasive, when the sources provide ample relevant "objective medical evidence and supporting explanations" for the medical opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2).

An ALJ must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. 20 C.F.R. §§

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION DENYING BENEFITS
- 3

404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

        *i.*        *ARNP Mugleston*

ARNP Meaghan Mugleston ("ARNP Mugleston") submitted a "Physical Functional Evaluation" of Plaintiff on May 23, 2024. AR 669. In the evaluation, ARNP Mugleston opined that Plaintiff's "[c]hief complaints and reported symptoms" included "[d]egenerative disc disease of lumbar spine & facet arthropathy from T12-L1 and L5-S1. . . . [Plaintiff] [r]eports pain all of the time, radiates down the legs bilaterally, sharp pain with movement. Reports some numbness in feet." *Id.* ARNP Mugleston noted that the "[p]ain limits ambulation to 20 feet with cane, then [Plaintiff] needs to rest. Unable to sit still for long periods." *Id.* ARNP Mugleston also noted that Plaintiff suffered from "[c]hronic knee pain—left meniscal tear. Feels unstable, can't kneel, often gives way." *Id.*

ARNP Mugleston opined that, due to these conditions, Plaintiff's range of motion was "limited by pain[,]" and Plaintiff would have "marked" limitations due to his "chronic low[er] back pain with degenerative disc disease & facet arthropathy" and "moderate" limitations due to his "left knee meniscal tear/chronic pain." AR 670. In turn, Dr. Mugleston concluded that Plaintiff was limited to "sedentary work" which included the ability to "lift 10 pounds maximum and frequently [with frequently defined as "able to perform the function for 2.5 to 6 hours out of an 8 hour day"] lift or carry lightweight articles. Able to walk or stand only for brief periods." AR 671.

The ALJ found the opinion of ARNP Mugleston "not persuasive" and explained:

> It is not supported by the handwritten notes includ[ed] on the forms and it is inconsistent with the record for the purposes of this determination. These forms

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION DENYING BENEFITS
- 4

were created almost a year after the date last insured, and while the second form indicates [Plaintiff] has been at this level of functioning since December 2018, it lacks any clear evidence to support these claims. Further, as discussed above, the record does not support her findings prior to the date last insured.

AR 25. The ALJ offered no further explanation why ARNP Mugleston's opinion was "not persuasive." *Id.*

While "[a] conflict between treatment notes and a treating provider's opinions may constitute an adequate reason to discredit the opinions of a . . . treating provider[,]" *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014), an ALJ has a duty to "set forth" their reasoning "in a way that allows for meaningful review," *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), which requires building an "accurate and logical bridge from the evidence to [the ALJ's] conclusions." *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). Indeed, "[c]onclusions alone are insufficient—an ALJ can satisfy the substantial evidence requirement by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Stephanie M. D. v. Comm'r of Soc. Sec.*, No. C25-5073-BAT, 2025 WL 1765486, at *2 (W.D. Wash. June 26, 2025) (internal quotation marks omitted) (quoting *Garrison*, 759 F.3d at 1012).

Here, the ALJ failed to explain what specific findings in ARNP Mugleston's opinion were inconsistent with the record or what evidence in the record did not support ARNP Mugleston's opinion. AR 25. Aside from one citation to "Exh. 7F[,]"[2] the ALJ identifies no evidence in the record that conflicts with ARNP Mugleston's opinion that Plaintiff was limited to "sedentary work" due to his degenerative disc disease, facet arthropathy, left meniscal tear and

---

[2] The Court observes that Exhibit 7F consists of "Office Treatment Records, dated 06/07/2023 to 10/24/2024, from Community Healthcare." AR Index at 3, AR 560–608. The ALJ identifies no evidence in these medical records that was inconsistent with, or did not support, ARNP Mugleston's opinion. AR 25.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION DENYING BENEFITS
- 5

knee pain, nor any evidence that Plaintiff would experience less limitation in his ability to complete basic work activities than the "marked" or "moderate" limitations opined by ARNP Mugleston. *Id.*

The ALJ also found that ARNP Mugleston's opinion was "created almost a year after the date last insured, and while the second form indicates [Plaintiff] has been at this level of functioning since December 2018, it lacks any clear evidence to support these claims." *Id.* "Medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). Moreover, the ALJ does not identify evidence that Plaintiff *had not* been "at this level of functioning since December 2018[.]" AR 25.

Because the ALJ offered no analysis to support the finding that ARNP Mugleston's opinion was inconsistent with the record, failed to identify *what* evidence in ARNP Mugleston's opinion was inconsistent with "the record[,]" and did not articulate how any of this unidentified record evidence undermined the "supportability" or "consistency" of ARNP Mugleston's opinion, the ALJ's findings are not supported by substantial evidence. *See* AR 25. For this reason, the Court concludes that the ALJ erred in her consideration of ARNP Mugleston's opinion.

    ii.    *Harmless Error*

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION DENYING BENEFITS
- 6

error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118–19 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ properly considered ARNP Mugleston's opinion, she may have included additional limitations in the RFC. For example, ARNP Mugleston found that Plaintiff's range of motion was limited by his chronic lower back pain and left meniscal tear, but the ALJ did not include any functional limitations related to Plaintiff's limited range of motion in the RFC. AR 22. ARNP Mugleston also opined that Plaintiff was limited to sedentary work, but the ALJ found Plaintiff limited to sedentary work *except* "he could occasionally climb ramps and stairs[.]" *Id.* Had the ALJ properly considered ARNP Mugleston's opinion, the RFC may have included additional functional limitations reflecting the opinion that Plaintiff be limited to sedentary work without these exceptions. Because the RFC or the ultimate disability determination may change if the limitations opined by ARNP Mugleston were properly considered, this error is not harmless and requires reversal.

###### iii.   Dr. Rogers

Dr. Michael Rogers, Psy.D. ("Dr. Rogers") conducted a "Psychological/Psychiatric Evaluation" of Plaintiff on May 24, 2024. AR 680. Dr. Rogers' evaluation was based upon his own treatment of Plaintiff from July 31, 2023, until at least November 6, 2023. AR 617–45.[3]

In the evaluation, Dr. Rogers opined that Plaintiff experienced, *inter alia*, "severe" limitations in his ability to perform activities within a schedule, maintain regular attendance; be

---

[3] Dr. Rogers' treatment notes observe that Plaintiff "reported having feelings/thoughts that someone is trying to harm him[,]" AR 617, and was diagnosed with schizoaffective disorder, depressive type, attention-deficit hyperactivity disorder, and unspecified anxiety disorder by Dr. Rogers on September 5, 2023. AR 622.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION DENYING BENEFITS
- 7

punctual within customary tolerances without special supervision; and in completing a normal workday and work week without interruptions from psychologically based symptoms. AR 681. Dr. Rogers also submitted a "Medical Source Statement" and opined that Plaintiff would miss four days of work per month due to his conditions and be off-task eighty percent of the time. AR 687.

The ALJ found the opinions of Dr. Rogers "not persuasive" and explained:

> They are not supported by the minimal notes contained in the checkbox, preprinted forms, and it is inconsistent with the record during the relevant time period. Again, these statements were made about a year after the end of the relevant time period. However, they also clarify this provider did not meet [Plaintiff] until July 2023, after the date last insured.

AR 25. The ALJ offered no further explanation as to why Dr. Rogers' opinion was not persuasive. *Id.*

As with the ALJ's consideration of ARNP Mugleston's opinion, here, the ALJ failed to identify what, if any, portion of Dr. Roger's opinion was inconsistent with the medical record and failed to identify *any* evidence in the record—offering no record citation whatsoever—to support the finding that Dr. Rogers' opinion was "inconsistent with the record during the relevant time period." *Id.*

Here too, the ALJ suggests that this evidence is not persuasive because "the statements were made about a year after the end of the relevant time period." *Id.* As noted above, however, "medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition." *Smith*, 849 F.2d at 1225. Indeed, the Ninth Circuit "has specifically held that medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition." *Lester v. Chater*, 81 F.3d 821,

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION DENYING BENEFITS
- 8

832 (9th Cir. 1995) (citation omitted). Therefore, this articulation by the ALJ was not a legally valid reason for finding Dr. Rogers' opinion not persuasive.

The ALJ's analysis of Dr. Rogers' opinion was also erroneous. The ALJ's cursory analysis of Dr. Rogers' opinion does not allow for meaningful review because it does not "set[ ] out a detailed and thorough summary of the facts and conflicting clinical evidence, stat[e] [her] interpretation thereof, and mak[e] findings." *See Stephanie M. D.*, 2025 WL 1765486, at \*2; *see also Brown-Hunter*, 806 F.3d at 492; *Blakes*, 331 F.3d at 569. The Court concludes that the ALJ's finding regarding Dr. Rogers' opinion is not supported by substantial evidence, and for this reason, the ALJ also erred in her consideration of Dr. Rogers' medical opinion.

iv.    *Harmless Error*

Here too, the error is not harmless, because if the ALJ had properly considered Dr. Rogers' opinion, the RFC and hypothetical questions posed to the vocational expert or the ultimate determination of disability may have changed. For example, Dr. Rogers opined that Plaintiff would be unable to work four days per month or would be off task eighty percent of the time due to his mental impairments, AR 687, but at the hearing, the vocational expert was not asked about the impact Plaintiff's inability to attend work four days per month would have on Plaintiff's ability to maintain employment. AR 57–60. Because the RFC or ultimate disability determination may have changed with proper consideration of Dr. Rogers' opinion, the ALJ's error was not harmless and requires reversal. *See Molina*, 674 F.3d at 1115; *Stout*, 454 F.3d at 1055.

B.  Remaining Issues

Having found reversible error, remand for further proceedings is the appropriate disposition because ambiguities remain in the record, including consideration of the effects of the

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION DENYING BENEFITS
- 9

functional limitations opined by ARNP Mugleston and Dr. Rogers on Plaintiff's RFC. *See Stout*, 454 F.3d at 1055; *Molina*, 674 F.3d at 1115; *Leon v. Berryhill*, 880 F.3d 1041, 1047 (9th Cir. 2017) (where there are "conflicts, ambiguities, or gaps" in the record, the appropriate disposition is to remand the matter).

In light of this disposition, the Court need not address Plaintiff's remaining argument regarding his subjective symptom testimony because the ALJ must re-evaluate the entire sequential evaluation process on remand, including all of the medical opinion evidence and Plaintiff's subjective symptom testimony. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("[A]n RFC that fails to take into account a claimant's limitations is defective."); *Watson v. Astrue*, No. ED-CV-09-1447-PLA, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (concluding the RFC and hypothetical questions posed to the vocational expert at Step Five were defective when the ALJ did not properly consider physicians' findings).

**IV.    Conclusion**

Based on the foregoing reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** for further administrative proceedings consistent with this order.

Dated this 21st day of April, 2026.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION DENYING BENEFITS
- 10